UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SYLVIA EMIABATA,<br><br>    Plaintiff,<br><br>v.<br><br>FARMERS INSURANCE CORPORATION et al.,<br><br>    Defendants. | Case No. 3:21-cv-00477<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

On February 22, 2022, the Court ordered pro se Plaintiff Sylvia Emiabata to show cause why her claims in this action should not be dismissed for failure to effect service of process on Defendants Farmers Insurance Corporation and Farmers Texas County Mutual Insurance Company in accordance with Federal Rule of Civil Procedure 4. (Doc. No. 16.) Emiabata has filed a "motion to show cause why the action should not be dismissed" (Doc. No. 19) and service returns of the summonses issued to both defendants (Doc. Nos. 17, 18). For the reasons that follow, the Court finds that Emiabata has shown cause that the action should not be dismissed at this time. However, Emiabata has not shown that she has properly served either defendant in accordance with Rule 4's requirements. In light of Emiabata's pro se status, the Court will extend the time for service under Rule 4(m).

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015).

Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); *see also Henderson v. United States*, 517 U.S. 654, 662–63 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or by the court on its own initiative. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996).

Federal Rule of Civil Procedure 4(c) requires that "[a] summons must be served with a copy of the complaint . . . within the time allowed by Rule 4(m)" by a "person who is at least 18

years old and not a party" to the action. Fed. R. Civ. P. 4(c)(1)–(2). "The plaintiff is responsible for having the summons and complaint served . . . and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Rule 4(l) requires that, "[u]nless service is waived, proof of service must be made to the court" and, "[e]xcept for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1).

Rule 4(h) provides two acceptable methods for serving corporate defendants like those in this case. First, Rule 4(h) provides that service on a domestic or foreign corporation in a United States judicial district may be accomplished

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B). Courts interpreting this rule have held "that delivery means personal delivery, not service by mail." *Cunningham v. Select Student Loan Help, LLC*, No. 3:15-cv-00554, 2016 WL 7368595, at *3 (M.D. Tenn. Dec. 20, 2016), *report and recommendation adopted by* 2017 WL 10399393 (M.D. Tenn. May 25, 2017).

The second approved method of service on a corporate defendant involves "following state law for serving a summons . . . in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1); *see* Fed. R. Civ. P. 4(h)(1)(A) (providing that a domestic or foreign corporation may be served in a judicial district of the United States in accordance with Rule 4(e)(1)). To satisfy Rule 4(e)(1), those attempts at service must comply with Tennessee or California law. The Tennessee Rules of Civil Procedure require that service on a corporation be made "by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or . . . to any other agent authorized by appointment or by law to receive service on behalf of the corporation[,]" Tenn. R. Civ. P. 4.04(4), and allow for service of a corporation by mail in

3

certain circumstances, *see* Tenn. R. Civ. P. 4.04(10). Tennessee Rule of Civil Procedure 4.03(2) provides that service by mail is only complete "[i]f the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute[.]" Tenn. R. Civ. P. 4.03(2); *see also Hall v. Haynes*, 319 S.W.3d 564, 577 (Tenn. 2010) (discussing "Rule 4.03's explicit restriction of who[ ] may sign the return receipt").

Under California law, service may be made on a corporation by mailing a copy of the summons and the complaint to the corporation's registered agent or to the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or another person authorized by the corporation to receive service of process. Cal. Civ. Proc. Code §§ 415.30, 416.10 (West 2022). The California Court of Appeal has held that mailing the summons and complaint to a defendant corporation itself does not constitute valid service; rather, the mailing must be directed to or actually received by an individual who may accept service under section 416.10. *Dill v. Berquist Constr. Co.*, 29 Cal. Rptr. 2d 746, 751–52 (Cal. Ct. App. 1994).

Emiabata has filed service returns indicating that she attempted to serve Farmers Texas County Mutual Insurance Company by certified mail at 6301 Owens Mouth Ave, Woodland Hill, CA 91367 (Doc. No. 17), and attempted to serve Famers Insurance Corporation by certified mail at 4601 Wilshire Blvd., Los Angeles, CA 90010 (Doc. No. 18). There is no indication that Emiabata caused a copy of the summons and complaint to be personally delivered to an individual who is authorized to accept service for either defendant. Rule 4(h)(1)(B) is therefore not satisfied.

Emiabata has filed an unsigned certified mail receipt addressed to "Farmers Ins. Corporation" and United States Postal Service tracking information showing that the mailing was

4
Case 3:21-cv-00477   Document 20   Filed 03/18/22   Page 4 of 5 PageID #: 86

returned to the "original sender" in Fairfield, Connecticut, on February 10, 2022. (Doc. No. 18, PageID# 73, 75.) There is no indication that Famers Insurance Corporation has received a copy of the summons and complaint. She has also filed a certified mail receipt bearing a stamp showing that an individual named "Dominic T" accepted delivery of a mailing addressed to "Farmer Texas County Mutual Insurance Co. Customer Service" on February 7, 2022. (Doc. No. 17, PageID# 67.) Neither mailing is addressed to a person who may accept service on behalf of a corporation under California law. *See Dill*, 29 Cal. Rptr. 2d at 751–52. Nor is there is any indication that "Dominic T" is a person who may accept service on behalf of Farmers Texas County Mutual Insurance Company under California or Tennessee law. *See id.*; *Hall*, 319 S.W.3d at 577. Therefore, Emiabata has not shown that she served either defendant in compliance with Tennessee or California law or the Federal Rules of Civil Procedure.

However, because Emiabata appears pro se, and because she has shown that she is attempting to comply with the Court's rules regarding service, the Court will exercise its discretion and EXTEND the service period to April 8, 2022. Emiabata is warned that failure to perfect service by that date may result in a recommendation that this case be dismissed without prejudice for failure to effect service under Rule 4(m).

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge