UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SYLVIA EMIABATA, <br><br> Plaintiff, <br><br> v. <br><br> FARMERS INSURANCE CORPORATION et al., <br><br> Defendants. | Case No. 3:21-cv-00477 <br><br> Judge Aleta A. Trauger <br> Magistrate Judge Alistair E. Newbern |

To: The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

In this diversity action, pro se Plaintiff Sylvia Emiabata brings claims against Defendants Farmers Insurance Company and Farmers Texas County Mutual Insurance Company alleging that they marketed and sold a defective insurance policy to her. (Doc. No. 1.) Emiabata claimed coverage under that policy after she was involved in an automobile accident in Dickson County, Tennessee, in February 2016. (*Id.*) The defendants moved to dismiss Emiabata's claims against them under Federal Rule of Civil Procedure 12 for insufficient service of process, lack of personal jurisdiction, and improper venue. (Doc. Nos. 28–28-4.) Emiabata opposed the motion. (Doc. Nos. 33, 34.) The defendants filed a reply. (Doc. No. 36.) Emiabata then filed two motions to correct her response in opposition to the defendants' motion (Doc. Nos. 40, 41), to which the defendants responded in opposition (Doc. No. 42). Emiabata filed a reply. (Doc. No. 43.) For the reasons that follow, the Magistrate Judge will recommend that the defendants' motion to dismiss be granted, Emiabata's motions to correct her responses be denied as moot, and this case be dismissed without prejudice.

I.      **Factual and Procedural Background**[1]

Emiabata filed this action on June 18, 2021, invoking the Court's diversity jurisdiction.[2] (Doc. No. 1.) Emiabata is a resident of Connecticut. (*Id.*) She states that Farmers Insurance Company, which is the parent company of Farmers Texas County Mutual Insurance, is a California corporation with a principal place of business in California. (*Id.*) She states that Farmers Texas County Mutual Insurance is a Texas corporation with principal places of business in both Texas and California. (*Id.*) Emiabata alleges that both defendants regularly conduct business in Tennessee. (*Id.*)

On February 23, 2016, Emiabata had a "[n]ear [m]iss" encounter with another driver in Dickson, Tennessee, which caused her to lose control of her car and drive into a ditch. (*Id.* at PageID# 9.) Emiabata and her passenger were taken to a hospital, where they were interviewed by the police. (Doc. No. 1.) Emiabata reported the accident to Farmers Insurance Company and made a claim under her insurance policy, but her efforts to settle that claim were unsuccessful. (*Id.*) Emiabata states that, as a result, she suffered physical and emotional harm and financial losses. (*Id.*) Emiabata brings this action against the defendants asserting claims including negligence,

---

[1] The facts in this Report and Recommendation are taken from Emiabata's complaint (Doc. No. 1) and are presumed to be true for purposes of resolving the defendants' motion to dismiss. *See Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016).

[2] Emiabata has filed similar lawsuits addressing the same events against one or both of the defendants in other U.S. District Courts and in this Court. Those actions have been dismissed. *See* Order, *Emiabata v. Farmers Ins.*, No. 3:17-cv-00384 (M.D. Tenn. Mar. 20, 2017), ECF No. 3 (dismissing case without prejudice for lack of subject matter jurisdiction); Order, *Emiabata v. Farmers Ins.*, No. 5:18-cv-00021 (W.D. Okla. July 16, 2018), ECF No. 30 (dismissing case without prejudice for lack of subject matter jurisdiction); *Emiabata v. Farmers Ins. Corp.*, No. 3:18-cv-01817, 2019 WL 3716513 (D. Conn. Aug. 7, 2019) (dismissing case for lack of subject matter jurisdiction, failure to establish service of process, and lack of personal jurisdiction), *aff'd* 848 F. App'x 27 (2d Cir. 2021).

breach of warranty, unjust enrichment, and violation of Texas's consumer protection law. (*Id.*) She seeks compensatory and punitive damages. (*Id.*)

On December 22, 2021, the Court issued summonses for both defendants and delivered those summonses to Emiabata by mail. (Doc. No. 13.) In an order issued on the same day, the Court reminded Emiabata that she "is responsible for effecting service of process on the defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure" and directed Emiabata to the Court's online resources for pro se litigants. (Doc. No. 14, PageID# 61.) The Court warned Emiabata that "[f]ailure to timely complete service of process will result in dismissal of this action." (*Id.*)

On February 22, 2022, the Court found that the docket showed no record of service on either defendant and ordered Emiabata to show cause why this action should not be dismissed for failure to effect service of process. (Doc. No. 16.) Emiabata filed a "motion to show cause why the action should not be dismissed" (Doc. No. 19) and proof of service affidavits stating that she had served the defendants by certified mail (Doc. Nos. 17, 18).

The Court reviewed Emiabata's response and found that, although she had adequately responded to the show-cause order, she had not properly served either defendant in accordance with Rule 4. (Doc. No. 20.) The Court found that the certified mail receipts that Emiabata filed (Doc. Nos. 17, 18) did not show service in compliance with Rule 4 and that Emiabata did not claim to have effected personal service. were adequate. (*Id.*) However, recognizing Emiabata's pro se status and her attempts to comply with the Court's orders, the Court extended the time for service until April 8, 2022. (*Id.*) The Court warned Emiabata "that failure to perfect service by that date may result in a recommendation that this case be dismissed without prejudice for failure to effect service under Rule 4(m)." (*Id.* at PageID# 87.)

On April 11, 2022, Emiabata filed what she described as executed summonses for both defendants. (Doc. Nos. 21, 22.) The proof-of-service affidavits attached to the summonses state that they were received by Philip Emiabata on January 31, 2022.[3] (*Id.*) Philip Emiabata did not check any box on the affidavit forms stating by what method he effected service. (*Id.*) Instead, Philip Emiabata wrote on the bottom of both affidavits: "State Law: The defendant was served pursuant to the state law of Texas as follows: The service, pursuant to state law, at all times during the service of process was, not less than 18 yrs of age and not a party to the matter . . . ." (Doc. No. 21, PageID# 89; Doc. No. 22, PageID# 94.) Philip Emiabata also wrote on the affidavit accompanying the summons to Farmers Insurance Corporation "See attached payment receipt of service via Travis County Constable Precinct One." (Doc. No. 21.) Attached to that affidavit is a receipt showing that Philip Emiabata paid the Constable eighty dollars on April 4, 2022, related to Sylvia Emiabata vs. Farmers Insurance Corporation, Docket # 3:21-CV-00477. (*Id.*) A second receipt also showing payment of eighty dollars related to this case is attached to the summons for Farmers Texas County Mutual Insurance Company. (Doc. No. 22.) Neither filing contains a statement from the Constable reflecting whether or how it effected service.

On June 3, 2022, Emiabata filed two summonses for Farmers Insurance Corporation, 4601 Wilshire Blvd., Los Angeles, California, 90010. (Doc. No 26.) The first summons is accompanied by a proof-of-service affidavit signed by Charisa Mitchell, Senior Deputy of the Precinct One Constable. (*Id.*) Mitchell's affidavit states that she received the summons on April 4, 2022, and "returned the summons unexecuted because it was returned from certified mail . . . recipient moved." (*Id.*) There are handwritten notes on the front of the summons that state: "4/6/22 @ 10AM Placed in Cert Mail"; "4-16-22 RTS"; and "5-5-22 9:16AM CM to 4680 Wilshire Blvd." (*Id.* at

---

[3]   The record does not reflect the relationship between Sylvia Emiabata and Philip Emiabata.

PageID# 104.) The Court interprets these notes to state that Mitchell attempted service by certified mail on April 6, 2022; that the summons was returned to sender on April 16, 2022; and that Mitchell attempted service by certified mail to a second address on May 5, 2022.

The second summons appears to be a copy of the first and includes a stamp on the first page stating:

> Delivered this 5th day of May, 2022.
> TONYA NIXON
> CONSTABLE PRECINCT 1. TRAVIS CTY, TEXAS
> BY DEPUTY Charisa Mitchell #119

(*Id.* at PageID# 106.) The Court interprets this stamp as confirming the second attempt at service by certified mail on May 5, 2022. This summons does not include a proof-of-service affidavit or any other statement of whether or how it was served. (Doc. No. 26.)

The defendants argue that Emiabata has not shown that she perfected service in accordance with Rule 4. (Doc. No. 28-1.) They further argue that the Court lacks personal jurisdiction because the defendants do not have an adequate relationship with the state of Tennessee and that venue in the Middle District of Tennessee is improper because Emiabata's claims relate to her business dealings with the defendants, not the accident that took place in Tennessee. (*Id.*) Emiabata responds that she has complied with Rule 4 because she provided copies of the complaint and summonses to the defendants by certified mail. (Doc. Nos. 33, 34.) Emiabata also argues that the Court has personal jurisdiction over her claims and that she intends to request discovery to further establish personal jurisdiction. (Doc. No. 34.) The defendants reply that Emiabata again has not adequately shown proper service or that the Court has jurisdiction over her claims. (Doc. No. 36.)

In the body of her response in opposition to the defendants' motion, Emiabata references the state of Connecticut instead of the state of Tennessee and includes what appear to be statements regarding the action she filed in Connecticut that are not relevant in this case. (Doc. No. 34.) For

example, she argues that, "[a]t this stage Plaintiff must only show based on prima facies [sic] personma [sic] jurisdiction of the Defendant Parent Company to be Connecticut." (*Id.* at PageID# 191.) Emiabata filed two motions to correct her response, including by changing "Connecticut" to "Tennessee" throughout the document. (Doc. Nos. 40, 41.) The defendants respond that the amendments would not change the outcome of their motion. (Doc. No. 42.) Emiabata filed a reply, arguing that the Court should grant her motions because the corrections requested are minimal. (Doc. No. 43.)

## II. Legal Standard

### A. Adequacy of Service Under Federal Rule of Civil Procedure 4

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be

made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (first citing Fed. R. Civ. P. 4(m); and then citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or by the court on its own initiative. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996).

Federal Rule of Civil Procedure 4(c) requires that "[a] summons must be served with a copy of the complaint . . . within the time allowed by Rule 4(m)" by a "person who is at least 18 years old and not a party" to the action. Fed. R. Civ. P. 4(c)(1)–(2). "The plaintiff is responsible for having the summons and complaint served . . . and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Rule 4(l) requires that, "[u]nless service is waived, proof of service must be made to the court" and, "[e]xcept for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1).

### B. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(5)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) challenges "the manner or method of service" of a summons or complaint. *Buck Mountain Cmty. Org. v. Tenn. Valley Auth.*, 629 F. Supp. 2d 785, 792 n.5 (M.D. Tenn. 2009). "In deciding a motion to dismiss under Rule 12(b)(5), the court may refer to record evidence in determining the sufficiency of service[,]" including "uncontroverted affidavits . . . ." *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006); *see also Wanke v. Invasix Inc.*, No. 3:19-cv-0692, 2020 WL 2542594, at *5 (M.D. Tenn. May 19, 2020) (finding that the Court may consider "record evidence in determining the sufficiency of service" under Rule 12(b)(5)). It is the

plaintiff's burden to establish that service was proper. *See Sawyer v. Lexington-Fayette Urban Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd*, 94 F.3d at 219).

**III.     Analysis**

Rule 4(h) provides two ways in which a plaintiff can properly serve a defendant corporation. Emiabata has not shown that she properly effected service by either method.

**A.  Service In Compliance With State Law Under Rule 4(h)(1)(A)**

Rule 4(h)(1)(A) provides that a domestic or foreign corporation may be served in a judicial district of the United States in accordance with Rule 4(e)(1). Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1), in turn, provides that service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Because this Court is located in Tennessee and Emiabata attempted to serve the defendants at California addresses, she may properly serve them by doing so in compliance with Tennessee or California law.

The Tennessee Rules of Civil Procedure provide that service on a defendant located outside of the state may be made in accordance with Tennessee Rule of Civil Procedure 4.04, in a manner prescribed by the state in which service is effected for an action in courts of general jurisdiction of that state, or as directed by the court. Tenn. R. Civ. P. 4.05(1)(a)–(c). Rule 4.04 provides that a domestic corporation may be served "by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or . . . to any other agent authorized by appointment or by law to receive service on behalf of the corporation." Tenn. R. Civ. P. 4.04(4). Tennessee law also authorizes service of process by certified mail. Tenn. R. Civ. P. 4.04(10). Tennessee Rule of Civil Procedure 4.03(2) provides that service by certified mail is complete only "[i]f the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute[.]" Tenn. R. Civ. P. 4.03(2); *see also Hall v. Haynes*, 319 S.W.3d 564, 577 (Tenn. 2010) (discussing "Rule 4.03's

explicit restriction of who[ ] may sign the return receipt"). "[U]under either [Tennessee] or federal procedural rules, a plaintiff bears the burden of demonstrating that he [or she] has served a copy of the summons and complaint on an officer, managing or general agent, or some other agent authorized by appointment or by law to accept service of process on behalf of the defendant corporation." *Pride v. U.S. Smokeless Tobacco Mfg. Co.*, Civ. No. 3:10-0597, 2011 WL 344105, at *2 (M.D. Tenn. Feb. 1, 2011), *report and recommendation adopted*, 2011 WL 734937 (M.D. Tenn. Feb. 23, 2011).

Under California law, a corporation can be served by delivering a copy of a summons and complaint to a list of designated individuals, including the corporation's registered agent, president, chief executive officer, other listed officers and managers, or another person authorized by the corporation to receive service of process. Cal. Civ. Proc. Code § 416.10 (West 2022). Service may also be made on a corporation by mailing a copy of the summons and the complaint to one of the individuals designated in section 416.10. *Id.* §§ 415.30, 416.10. Mailing the summons and complaint to the defendant corporation, rather than one of the designated individuals, does not constitute valid service. *Dill v. Berquist Constr. Co.*, 29 Cal. Rptr. 2d 746, 751 (Cal. Ct. App. 1994). Service by mail is only complete upon execution and return of a written acknowledgement of receipt. Cal. Civ. Proc. Code § 415.30 (West 2022); *see also, e.g., Poorsina v. Tseng*, No. 20-CV-09122, 2022 WL 110649, at *4 (N.D. Cal. Jan. 12, 2022) (citing *Thierfeldt v. Marin Hosp. Dist.*, 35 Cal. App. 3d 186, 199 (1973)) (finding that service by mail was ineffective when the addressees failed to execute and return a written acknowledgement of service).

Emiabata has not effected proper service under Tennessee or California law. While both states provide that a corporation may be served by personal service of particular individuals, Emiabata has offered no proof that she effected personal service on anyone. Emiabata also has not

shown that she effected service by mail in compliance with either state's rules. The summonses Emiabata has filed are addressed to the defendant corporations, not to any of the individuals designated to receive service. (Doc. Nos. 21, 22, 26.) Mitchell's notes regarding her attempts at service by certified mail show only that the summons was returned to sender because the defendant had moved. (Doc. No. 26.) And, other than the return receipt that the Court found to be inadequate documentation of service (Doc. No. 17), Emiabata has not filed executed return receipts, which both states' law require when service is effected by certified mail. Thus, Emiabata has not shown that she properly served either defendant by mail under Tennessee or California law.

### B. Personal Service Under Rule 4(h)(1)(B)

Rule 4(h)(1)(B) provides that service on a domestic or foreign corporation in a United States judicial district may be accomplished

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B). In this context, "delivery means personal delivery, not service by mail." *Cunningham v. Select Student Loan Help, LLC*, No. 3:15-cv-00554, 2016 WL 7368595, at *3 (M.D. Tenn. Dec. 20, 2016), *report and recommendation adopted by* 2017 WL 10399393 (M.D. Tenn. May 25, 2017). Emiabata has not offered any proof to show that she personally served either defendant as required by Rule 4(h)(1)(B). *See Sawyer*, 18 F. App'x at 287.

Dismissal of this action is required because Emiabata has not properly served either defendant. Because dismissal is warranted on this ground, the Court need not consider the defendants' alternative arguments regarding subject matter jurisdiction and venue.

10

Case 3:21-cv-00477   Document 44   Filed 01/09/23   Page 10 of 11 PageID #: 241

### C. Emiabata's Motions to Correct Her Response In Opposition

More than a month after filing her response in opposition to the defendants' motion to dismiss, Emiabata filed two motions to correct her response in opposition. (Doc. Nos. 40, 41.) The defendants have objected to these filings (Doc. No. 42). Emiabata's corrections do not concern her arguments regarding service of process and do not alter the Court's analysis of that issue. (Doc. Nos. 40, 41.) The Court therefore recommends that Emiabata's motions to correct her response in opposition be found moot.

### IV. Recommendation

For the foregoing reasons, the Magistrate Judge RECOMMENDS that the defendants' motion to dismiss (Doc. No. 28) be GRANTED, that Emiabata's motions to correct her response to the defendants' motion to dismiss (Doc. Nos. 40, 41) be DENIED AS MOOT, and that this action be DISMISSED WITHOUT PREJUDICE.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 9th day of January, 2023.

ALISTAIR E. NEWBERN
United States Magistrate Judge