# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **SYLVIA EMIABATA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:21-cv-00477** |
| | ) | **Judge Aleta A. Trauger** |
| **FARMERS INSURANCE CORPORATION** | ) | |
| **and FARMERS TEXAS COUNTY** | ) | |
| **MUTUAL INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM and ORDER

Before the court are *pro se* plaintiff Sylvia Emiabata's Objections (Doc. No. 45) to the

Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 44), which recommends that

the defendants' Motion to Dismiss (Doc. No. 28) be granted and that the plaintiff's two motions

(Doc. Nos. 40, 41) to correct or supplement her Response in opposition to the Motion to Dismiss

be denied as moot. The defendants have filed an Opposition to the Objections. (Doc. No. 46.)

For the reasons set forth herein, the Objections will be overruled, and the R&R will be

accepted in its entirety. The defendants' Motion to Dismiss will be granted, and this case will be

dismissed without prejudice.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

The Complaint, filed on June 18, 2021, asserts claims against defendants Farmers

Insurance Company ("FIC") and Farmers Texas County Mutual Insurance Company ("Farmers

Texas") based on their having allegedly marketed and sold a defective insurance policy ("Policy")

to the plaintiff when she was a resident of Texas. (Doc. No. 1, at 2, 3.) The claims arise from the

defendants' denial of coverage under the Policy after the plaintiff was involved in a vehicular

accident in Dickson County, Tennessee in February 2016. (*Id.* at 2.) The plaintiff invokes the court's diversity jurisdiction, and she alleges that she is a citizen of Connecticut, that she purchased the Policy in Texas, that FIC's principal place of business and place of incorporation is California, and that Farmers Texas's principal place of business and place of incorporation is Texas.[1] (*Id.* at 3–4.) The plaintiff alleges that both defendants "insure products throughout the United States and around the world" (*id.* at 5) and that they "regularly conduct business in Tennessee" (*id.* at 6), but she does not otherwise allege that either has any specific contacts, a registered agent for service of process, or any employees or agents in Tennessee.

The defendants have moved to dismiss Emiabata's claims against them under Rule 12 of the Federal Rules of Civil Procedure, for insufficient service of process, lack of personal jurisdiction, and improper venue. (Doc. Nos. 28, 28-1 through 28-4.) The plaintiff filed a Response and supporting Memorandum opposing the Motion to Dismiss. (Doc. Nos. 33, 34.) The defendants filed a Reply. (Doc. No. 36.) The plaintiff then filed her two motions to correct her Response, which the defendants opposed, and the plaintiff filed a Reply. (Doc. Nos. 49–43.)

As relevant here, the Magistrate Judge issued an Order to Show Cause on February 22, 2022, directing the plaintiff to show cause why the case should not be dismissed under Rule 4(m) for failure to effect service of process. (Doc. No. 16.) The plaintiff responded, and the Magistrate Judge issued an Order on March 18, 2022, finding that the plaintiff had shown cause that the action should not be dismissed at that time, as she had made efforts to effect service of process. (Doc. No. 20.) At the same time, the Magistrate Judge found that the plaintiff still had not effected service

---

[1] Despite alleging that Farmers Texas is incorporated in Texas and has its principal place of business in Austin, Texas, the plaintiff has attempted to serve Farmers Texas in California (*see* Doc. Nos. 13, 17, 22) apparently based on its having a California mailing address for "Customer Service" and on the allegation that it "regularly conducts business" in both Texas and California (Doc. No. 1, at 4).

of process, and the Magistrate Judge provided a detailed explanation of why the plaintiff's attempts at service were ineffective and what the law requires for service on a corporate defendant. (*Id.* at 2–5.) The same Order extended the time for effecting service an additional three weeks from the date the Order was entered. (*Id.* at 5.)

The record reflects that the plaintiff made additional attempts to effect service of process, following which counsel for both defendants entered notices of appearance that expressly reserved the right to assert any defenses available under Rule 12 of the Federal Rules of Civil Procedure. (Doc. Nos. 23, 27.) Shortly thereafter, the defendants filed their Motion to Dismiss. The Magistrate Judge recommends granting the Motion to Dismiss based on the plaintiff's failure to effect service of process in a timely fashion, despite having been granted an extension of time to do so. The Magistrate Judge did not reach the defendants' alternative bases for dismissal. (*See* Doc. No. 44, at 10.)

The Magistrate Judge found, as a matter of fact and law, that the plaintiff had not shown that she had effected "personal" service or service by certified mail on the defendants under the state law of Tennessee, the state where this court is located, or California law, the state where service was attempted, as required by Rule 4(e)(1). Although the plaintiff had attempted service by certified mail, she had not shown service upon an agent authorized by appointment or by law to accept service of process on behalf of the defendants, as the Magistrate Judge had also explained in the Order entered on March 18, 2022. As stated in the R&R:

> Emiabata has not effected proper service under Tennessee or California law. While both states provide that a corporation may be served by personal service of particular individuals, Emiabata has offered no proof that she effected personal service on anyone. Emiabata also has not shown that she effected service by mail in compliance with either state's rules. The summonses Emiabata has filed are addressed to the defendant corporations, not to any of the individuals designated to

receive service. (Doc. Nos. 21, 22, 26.) Mitchell's[2] notes regarding her attempts at service by certified mail show only that the summons was returned to sender because the defendant had moved. (Doc. No. 26.) And, other than the return receipt that the Court found to be inadequate documentation of service (Doc. No. 17), Emiabata has not filed executed return receipts, which both states' law require when service is effected by certified mail. Thus, Emiabata has not shown that she properly served either defendant by mail under Tennessee or California law.

(Doc. No. 44, at 9–10.)

Emiabata has lodged the following Objections to the R&R:

(1) the plaintiff's claims have an arguable basis in law and fact;

(2) the plaintiff's attempted service by a Texas Constable was proper under Texas law, as one of the defendants has its principal place of business in Texas;

(3) if the Constable made a mistake and service was ineffective, the Magistrate Judge should have allowed the plaintiff to "cure the defect" in service (Doc. No. 45, at 3);

(4) the Magistrate Judge's refusal to give the plaintiff "notice of the deficiency and an opportunity to cure or amend" violated her right to due process (*id.* at 5, 6);

(5) the Magistrate Judge's footnote to the effect that the relationship between the plaintiff and Philip Emiabata (who has signed some of the plaintiff's certificates of service and summonses) is not clear should be stricken "for the sake of justice" (*id.* at 3);

(6) the plaintiff should be permitted to effect service of process by serving the defendants' lawyer;

(7) any failure to effect service of process constitutes excusable neglect;

(8) plaintiff's service conforms with procedural due process; and

---

[2] Charisa Mitchell is the Texas Deputy Constable whom Emiabata apparently engaged to effect service. (*See* Doc. No. 26; Doc. No. 45, at 2–3.)

(9) the defendants submitted to the court's exercise of jurisdiction by filing their Motion to Dismiss.

## II.     STANDARD OF REVIEW

Within fourteen days after being served with a report and recommendation any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

District judges generally will not entertain issues and arguments that appear for the first time in objections to a magistrate judge's report and recommendation. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also Moore v. Prevo*, 379 F. App'x 425, 428 n.6 (6th Cir. 2010); *Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 & n.2 (6th Cir. 2010) (declining to review an issue that the district judge did not consider because it was not presented to the magistrate judge); *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *1 (6th Cir. May 5, 2010) (concluding that a plaintiff waived a claim by failing to raise it before the magistrate judge).

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III.    ANALYSIS

As the Magistrate Judge explained,

"the requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs," *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) . . . . Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

(Doc. No. 44, at 6.) The plaintiff's arguments in her Objections largely miss this point.

First, whether the substantive claims in the Complaint have an arguable basis in fact or law is not at issue here. The court cannot address the substance of a Complaint if it is not properly served on the defendants.

The plaintiff's statement that her attempts to effect service through a Texas Constable, under Texas law, is immaterial in light of the fact that, although the plaintiff claims that one of the defendants has its principal place of business and place of incorporation in Texas, she attempted to serve it in California. The Magistrate Judge correctly explained that the plaintiff had two choices of law: she could serve the defendants in accordance with the law of the state "where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1). This court is in Tennessee and service was made (or attempted) in California, making Texas law irrelevant.

The Magistrate Judge's recommendation that the Complaint be dismissed based on the plaintiff's failure to effect timely service is neither unduly harsh nor unfair. The plaintiff did not lack notice of this possibility. The Magistrate Judge gave the plaintiff ample notice of the defects in her service attempts in the Order entered on March 18, 2022. (Doc. No. 20.) That Order clearly explained the law and gave the plaintiff an additional three weeks to effect service—in a case that had by then already been pending for nine months. In the intervening nine months following the

filing of the defendants' Motion to Dismiss (in June 2022), articulating the reasons why service was ineffective, the plaintiff has made no attempt to cure the defective service.

The Magistrate Judge's footnote stating that the relationship between the plaintiff and Philip Emiabata is not clear was inserted only because of the reference to Philip Emiabata as the individual whose signature appears on the affidavits accompanying the summonses. (*See* Doc. Nos. 21, 22.) The reference did not in any way prejudice the plaintiff and was intended to explain why Philip Emiabata was not identified in the R&R.

Service of process on the defendants' lawyer is not a method of service authorized by the Federal Rules of Civil Procedure, and the defendants here have not chosen to waive service. Moreover, neither their notices of appearance (which expressly reserved all available defenses) nor their Motion to Dismiss operated as a waiver of their ability to object to the method of service. The defendants' actual knowledge of the lawsuit "does not substitute for proper service" under Rule 4. *Friedman v. Est. of Presser*, 929 F.2d 1151, 1155 (6th Cir. 1991); *see also Blessing v. Chandrasekhar*, 988 F.3d 889, 894 (6th Cir. 2021) (finding that a defendant did not waive her personal jurisdiction defense when her lawyer filed a notice of appearance of counsel two weeks before moving to dismiss).

Regarding the plaintiff's assertion that any failure to effect service of process constitutes excusable neglect, the court finds that the plaintiff's failure to effect service prior to the Magistrate Judge's show-cause Order on February 22, 2022 (Doc. No. 16) amounted to excusable neglect. Her failure to do so in the year since then is not excusable, despite her *pro se* status.

On *de novo* review, the court finds that none of the plaintiff's Objections has merit. Further, although the Magistrate Judge did not reach the question of personal jurisdiction, the court finds that *even if the plaintiff had properly effected service of process*, dismissal based on lack of

personal jurisdiction would almost certainly be required. "A court's exercise of personal jurisdiction over a nonresident defendant is appropriate only if it meets the state's long-arm statute and constitutional due process requirements." *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). "Tennessee's long-arm statutes expand the jurisdictional reach of Tennessee courts as far as constitutionally permissible." *Crouch Ry. Consulting, LLC v. LS Energy Fabrication, LLC*, 610 S.W.3d 460, 471 (Tenn. 2020) (internal quotation marks and citations omitted). Due process requires that a defendant have "certain minimum contacts" with the forum state such that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316(1945)).

As to the existence of minimum contacts, the Supreme Court has stated that contacts are sufficiently meaningful when they demonstrate that the defendant has purposefully directed activities at or availed itself of the forum state in such a way that the defendant should reasonably anticipate being haled into court there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–74 (1985). This "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Id.* at 475 (citations omitted).

"Whether a forum State may assert specific jurisdiction over a non-resident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v Fiore*, 571 U.S. 277, 283–84 (2014) (internal quotation marks and citations omitted). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 284. In this case, the plaintiff alleges that she was involved in a car accident in Tennessee, but *her* presence in Tennessee does not mean the defendants directed any of *their* activities in relation to the plaintiff's specific claims here. Moreover, the plaintiff's claims are based on allegations that the defendants (while based in Texas and California) marketed and

sold her a defective insurance policy while she was living in Texas. The plaintiff's claims against the defendants does not arise from the defendants' contacts in Tennessee, for purposes of the exercise of specific jurisdiction. *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017) ("In order for a state court to exercise specific jurisdiction, the suit must aris[e] out of or relat[e] to the defendant's contacts with the forum." (internal quotation marks and citation omitted)).

Nor do the plaintiff's allegations establish a basis for the exercise of general jurisdiction. While the plaintiff asserts very broadly that the defendants are "present and doing business in the state of Tennessee," including "marketing, advertising" and profiting from sales in this state (Doc. No. 1, at 6), she alleges no actual facts supporting that assertion or otherwise suggesting that the defendants have purposefully directed their activities toward Tennessee on a regular basis. They are not incorporated in Tennessee, and their principal places of business are not in this state. The plaintiff does not allege that either defendant has an office here, employees here, an agent for service of process here, or customers here, or that the defendants have taken any other concrete actions that would create a substantial relationship between them and Tennessee, for purposes of the exercise of general jurisdiction. *See Bristol-Myers Squibb*, 137 S. Ct. at 1780 ("[T]he paradigm forum for the exercise of general jurisdiction[,] for a corporation, [is a place] in which the corporation is fairly regarded as at home." (citation omitted).

The defendants' Motion to Dismiss also asserts that venue in this court would not be appropriate. Even if the court had jurisdiction over the defendants, this argument, too, would likely have merit. Under 28 U.S.C. § 1391,

[a] civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b).

None of these provisions makes the Middle District of Tennessee an appropriate venue. Neither defendant resides in Tennessee. Although the vehicular accident took place in Tennessee, none of the "events or omissions giving rise to the claim" actually took place in Tennessee. And subsection (3) does not apply, insofar as the plaintiff's allegations make it clear that she could have filed suit in either California or Texas, where the defendants clearly would be subject to personal jurisdiction. Venue in this district would not be appropriate. The court is authorized to dismiss any case "laying venue in the wrong division or district." 28 U.S.C. § 1406(a).

It therefore appears that, even if the plaintiff had effected service on the defendants, their Motion to Dismiss would have been granted on other grounds.

## IV.    CONCLUSION AND ORDER

For the reasons set forth herein, the R&R (Doc. No. 44) is **ACCEPTED** in its entirety; the Motion to Dismiss (Doc. No. 28) is **GRANTED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE**. All other pending motions are **DENIED AS MOOT**.

It is so **ORDERED**.

This is the final Order in this action, for purposes of Rule 58 of the Federal Rules of Civil Procedure.

_____
ALETA A. TRAUGER
United States District Judge